OPINION
{¶ 1} This is an appeal from the judgment of the Municipal Court of Hardin County, Ohio which found Defendant-appellant, Paul Myers, guilty of failing to file his income tax returns for the Village of Alger for the years 1999 and 2000.
 {¶ 2} On November 2, 2001, the Village of Alger filed a two count complaint against Myers which stated "Paul Myers at Alger, Hardin County, Ohio, on or about the tax year 1999, failed to make any return or declaration in violation of Ordinance No. 70-201 section XII (A)(1)(M-1); Count Two: The defendant, on or about the tax year 2000, failed to make any return or declaration, in violation of Ordinance No. 70-201, Section XII (A)(1)(M-1)."
 {¶ 3} On November 29, 2001, Myers plead not guilty to both counts. On January 3, 2002 Myers filed a motion to dismiss based on deficiencies in the complaint, which the court overruled. On January 17, 2002, Myers filed a motion to appoint counsel, as well as a jury demand. On January 18, 2002, Myers filed an affidavit requesting disqualification of the Hardin County Municipal Court Judge, which was denied on February 7, 2002. On March 5, 2002, Myers filed a second motion to dismiss this time based on the courts failure to provide him with a speedy trial. On March 15, 2002, Myers filed his final motion to dismiss alleging that the ordinance was not properly published. On April 2, 2002, the trial court overruled the two pending motions finding that Ordinance 70-201 is not general in nature and therefore, did not need to be published. On April 4, 2002, Myers entered pleas of no contest to each count of the complaint. The trial court found him guilty on both counts and fined him $50.00 on each count.
 {¶ 4} Myers now appeals asserting two assignments of error. The first states: (1) "The trial court erred when it failed to dismiss the complaint against the Appellant on the basis that the ordinance in question was not published an/or posted in violation of the Ohio Revised Code."
 {¶ 5} Village of Alger Ordinance 70-201 provides for a municipal tax on all income of residents to fund "general municipal purposes." Furthermore, Ordinance 70-201, Section XII (A)(1)(M-1) requires the filing of a return. R.C. 731.20 requires the publication, of any ordinance of a general nature or which provides for improvements and states that an ordinance does not take effect until the expiration of ten days after the first publication. Furthermore, R.C. 731.21 provides that publication be made in a newspaper and that proof of publication be kept in the clerk of the legislative body's office. In Upington v. Oviatt
(1873), 24 Ohio St. 232, the Ohio Supreme Court, while not explicitly defining general nature, determined that a municipal ordinance ordering a tax assessment to pay for street improvements was not general in nature because it was a specific street and a specific improvement. Conversely, Ordinance 70-201 directs the levy of a tax for "general municipal purposes "on all income producing residents and non-residents performing work within the village." We find this language to describe an ordinance of a general nature. Therefore, pursuant to R.C. 731.20, the Village of Alger was required to publish Ordinance 70-201. R.C. 731.26, provides a defense to any person charged under an ordinance to show that no publication was made in compliance with R.C. 731.21 and 731.22. However, R.C. 731.26 puts the burden on Myers to prove that the ordinance was not published. See Baker v. City of Canfield (Dec. 2, 1985), Mahoning App. No. 84CA56. In this case, Myers failed to present any evidence at the hearing which would prove that the ordinance was not published other than his own assertion that he telephoned the clerk of the Village of Alger. As such, this defense was not established by Myers. Consequently, albeit for different reasons, we find that the trial court did not err when overruling Myers' motion to dismiss regarding the publishing of the 70-201, and Myers' first assignment of error is overruled.
 {¶ 6} Myers' second assignment of error asserts: (2) "The trial court erred when it failed to dismiss the complaint against the Appellant on the basis that the complaint failed to state the essential elements of the alleged offenses."
 {¶ 7} Crim.R. 3 states: "The complaint is a written statement of the essential facts constituting the offense charged." Furthermore, the primary purpose of a complaint in a criminal prosecution is to inform the accused of the nature of the offense with which he is charged. State v.Miller (July 26, 1990), Logan App. No. 8-93-3 to 8-89-5. In this case, the complaint alleged that Myers failed to file the required tax returns under Municipal Ordinance 70-201 for the years 1999 and 2000. We find this complaint to contain the essential facts and was sufficient to inform Myers of the charges against him. Consequently, Myers' second assignment of error is overruled.
 {¶ 8} Based on the foregoing, the judgment of the trial court is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.